IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN NANNI,<br>an individual,<br><br>    Plaintiff,<br><br>v.<br><br>PARKWAY GRAVEL, INC.,<br>a Delaware Corporation,<br><br>    Defendant.<br>_____ | )<br>)<br>)<br>)  Case No:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>/ |

## COMPLAINT

Plaintiff, JOHN NANNI, an individual, by and through his undersigned counsel, hereby files this Complaint and sues PARKWAY GRAVEL, INC., a Delaware Corporation, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. §§ 12181 et seq., ("Americans with Disabilities Act" or "ADA") and states as follows:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, et seq., (the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, JOHN NANNI, (hereinafter referred to as "MR. NANNI") is a resident of the State of Delaware.

4. MR. NANNI is a qualified individual with a disability under the ADA. MR. NANNI suffers from Post-Polio Syndrome. MR. NANNI can only walk a very limited distance each day, and is otherwise confined to a wheelchair.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities including walking and standing, and requires a wheelchair for mobility.

6. The Defendant, PARKWAY GRAVEL, INC., (hereinafter referred to as "DEFENDANT") is a Delaware Corporation registered to do business in Delaware. DEFENDANT is the owner, lessee, and/or operator of the place of public accommodation including the real property and improvements which is the subject of this action, to wit: Limestone Shopping Center, generally located at 2064 Limestone Rd, Wilmington, DE 19808 ("the Property"). The Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the District of Delaware.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

8. The allegations set forth in the preceding paragraphs above are incorporated by reference as if fully set forth herein.

9. The Property, a shopping plaza, is a place of public accommodation and is therefore subject to Title III of the ADA.

10. MR. NANNI has visited the Property several times during the past year, regularly travels to the area where the Property is situated and plans to return to the Property in the near future.

11. During his visits, MR. NANNI experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed herein.

12. MR. NANNI intends to and will visit the Property to utilize the goods and services in the future, but fears that he will face the same barriers to access as discussed herein.

13. Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of 42 U.S.C. §§ 12181 et seq. and 28 C.F.R. §§ 36.304 et seq. by excluding and/or

denying Plaintiff the benefits of the goods and services located on the Property by failing to have accessible facilities by January 26, 1992. These barriers to access include, but are not limited to the following items which plaintiff personally observed and/or encountered at the Property:

    A.    Plaintiff encountered inaccessible disabled use parking spaces throughout the Property due to a shortage of disabled use parking spaces, (just two disabled spaces serving a lot of well over 60 total spaces), lack of signage to identify the disabled use parking, lack of properly marked/painted access aisles and extremely faded markings. These conditions made it difficult for Plaintiff to identify the designated disabled parking areas.

    B.    Plaintiff encountered inaccessible curb ramps throughout the Property due to excessive slopes and excessively steep side flares. These conditions made it difficult and unsafe for Plaintiff to maneuver his wheelchair to the stores and increased his risk of fall and/or injury.

    C.    Plaintiff personally encountered inaccessible routes between the parking designated for disabled use and the tenant entrance to Limestone BBQ & Bourbon due to sidewalks containing excessive cross-slopes. This condition made it difficult for Plaintiff to safely traverse these routes and gain access to the business.

    D.    Plaintiff personally encountered an inaccessible entrance to Premier Wine & Spirits due to the lack of a level landing at the entrance. This condition required Plaintiff use extra caution to avoid a fall while approaching the door to enter the restaurant.

    E.    Plaintiff personally encountered inaccessible outdoor seating at Limestone BBQ & Bourbon due to an outdoor seating area that does not contain alternative seating to accommodate persons in wheelchairs. Consequently, the lack of alternative seating

to the available picnic benches made it impossible for Plaintiff to access and utilize the outdoor seating available to other patrons at Limestone BBQ & Bourbon.

14. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15. Independent of his intent to return as a patron of the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied. However, but for the above-described barriers to access, Plaintiff would visit the Property more often.

16. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendant.

17. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against DEFENDANT and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned and operated by DEFENDANT is in violation of the ADA;

B.     That the Court enter an Order directing DEFENDANT to alter the facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C.     That the Court enter an Order directing DEFENDANT to evaluate and neutralize the policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures.

D.     That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and that the Court award such other and further relief as it deems necessary, just and proper.

E.     That this Court award Plaintiff such other additional and proper relief as may be just and equitable.

Dated: January 12, 2022

                                                Respectfully Submitted,

                      By: */s/ David T. Crumplar*
                           David T. Crumplar (#5876)
                           Jacobs & Crumplar, P.A.
                           *Of Counsel*
                           750 Shipyard Drive
                           Suite 200
                           Wilmington, DE 19801
                           Tel.: (302) 656-5445
                           Fax: (302) 656-5875
                           E-Mail: davy@jcdelaw.com

                                   -and-

                           KU & MUSSMAN, P.A.
                           18501 Pines Blvd, Suite 209-A
                           Pembroke Pines, FL 33029
                           Tel: (305) 891-1322
                           Fax: (954) 686-3976

6